{¶ 46} This appeal involves multiple appellants, one of whom, Jorge, Sr., is a vexatious litigator who failed to seek leave to appeal before filing his notice of appeal. As the majority notes, the vexatious litigator statute contains a clear requirement that any person who is declared to be a vexatious litigator must obtain leave to proceed from the court of appeals before filing a notice of appeal or any other filing with the court. The majority further notes that the statute mandates the dismissal of the proceedings when the vexatious litigator fails to seek leave from the court. Finally, the majority cites to numerous cases where appeals have been dismissed based upon the appellant's failure to seek leave before filing that appeal.
 {¶ 47} The majority excuses Jorge Sr.'s failure to seek leave to appeal because he is appealing the order which found him to be a vexatious litigator. In doing so, the majority expresses concern that not allowing Jorge Sr. an opportunity to raise these issues would violate his due process rights. However, Jorge Sr. had an avenue to challenge the designation — he could have asked for leave before filing his appeal. He failed to do so.
 {¶ 48} If we allow Jorge Sr. to challenge his designation as a vexatious litigator (or any other issues) in this appeal, we would be ignoring both clear statutory language and caselaw when doing so, rendering the vexatious litigator statute meaningless. Jorge Sr.'s appeal should be dismissed and all assignments of error dealing with his designation as a vexatious litigator should be disregarded.
 {¶ 49} Even though I disagree with the majority's decision to address Jorge Sr.'s appeal, I concur with the remainder of its decision with regard to the appeals of Carlos and Jorge Jr. The trial court's decision with regard to these two appellants should be affirmed. *Page 1